[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15462
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00011-WCO-SSC-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO SAUCEDO, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 11, 2012)

Before DUBINA, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Alberto Saucedo appeals his convictions and 360-month total sentence for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a). On appeal, Saucedo argues that the district court erred in admitting evidence seized from his cell phone pursuant to a search warrant because, while the initial seizure of his phone was lawful, there was an unreasonable delay in securing the search warrant for the phone. He further contends that his trial counsel was ineffective due to the failure to file a motion to suppress the evidence of his cell phone records. Saucedo also challenges his sentence, arguing that it is both procedurally and substantively unreasonable because the district court did not properly consider the 18 U.S.C. § 3553 factors and imposed an excessive sentence.

After reviewing the record and reading the parties' briefs, we affirm.

## I.

Federal Rule of Criminal Procedure 12(b) provides that a motion to suppress evidence must be made before trial.  Fed.R.Crim.P. 12(b)(3)(C).  Rule 12(e) further provides that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides."  Fed.R.Crim.P. 12(e).  However, "[f]or good cause,

2

the court may grant relief from the waiver." *Id.* Thus, we have stated that a "failure to present a suppression motion prior to trial constitutes waiver unless the district court grants relief for good cause shown." *United States v. Ford*, 34 F.3d 992, 994 n.2 (11th Cir. 1994). Although the district court may grant relief from the waiver for good cause shown, we have declined to address the element of "good cause" when the defendant did not request relief from the waiver. *See* Fed.R.Crim.P. 12(e); *United States v. Suescun*, 237 F.3d 1284, 1287 n. 7 (11th Cir. 2001).

We conclude from the record that Saucedo waived his argument regarding the admissibility of his cell phone records because he failed to file a pre-trial motion to suppress the evidence, as required by Rule 12(b)(3)(c). Furthermore, he never asked the district court or this court to relieve him from the waiver, and he has not provided any explanation for why he failed to file a motion to suppress the evidence from his cell phone. Accordingly, we affirm this issue.

## II.

Where appropriate, we review claims for ineffective assistance of counsel *de novo* as mixed questions of law and fact. *Caderno v. United States*, 256 F.3d 1213, 1216-17 (11th Cir. 2001). In *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003), the Supreme Court concluded

3

that failure to raise ineffective-assistance-of-counsel claims on direct appeal does not bar such claims from being raised for the first time in a collateral attack. In arriving at this conclusion, the Supreme Court held that, in most cases, the record is inadequate to raise an ineffective-assistance claim on direct appeal because the trial evidence is devoted to guilt-or-innocence issues, as opposed to the reasoning behind counsel's actions. *Id.* at 504-05, 123 S. Ct. at 1694. By contrast, it held that the district court, on collateral review, can handle such claims more efficiently. *Id.* at 506-07, 123 S. Ct. at 1695. It observed that the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," in part because it provides an opportunity to obtain testimony from the attorney alleged to have rendered ineffective assistance. *Id.* at 505-06, 123 S. Ct. at 1694.

As such, as a general matter, "an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255," as opposed to direct appeal. *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (internal quotation marks and alteration omitted). This rule notwithstanding, the Supreme Court and this court have recognized that there may be cases "in which trial counsel's ineffectiveness is so apparent from the record" that the issue may be considered on direct appeal. *Massaro,* 538 U.S. at 508, 123

4

S. Ct. at 1696.

We decline to consider Saucedo's ineffective assistance challenge on direct appeal. Rather, this claim should be presented in a collateral attack on the conviction under § 2255, where the district court could better develop a full record.

## III.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). In reviewing the reasonableness of a sentence, we must first ensure that the sentence was procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* at 51, 128 S. Ct. at 597. Once we determine that a sentence is procedurally reasonable, we must examine whether the sentence was substantively reasonable under the totality of the circumstances. *Id.* A sentence may be remanded if we are left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."

*United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party who challenges the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 674 (2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable

6

sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We conclude from the record that the district court adequately considered Saucedo's arguments and the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. In addition, we conclude that Saucedo's 360-month sentence was substantively reasonable under the totality of the circumstances and in light of the § 3553(a) factors.

For the aforementioned reasons, we affirm Saucedo's conviction and his total sentence of 360 months.

**AFFIRMED.**